| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:14-CR-132 |
| | § | |
| DERRICK ROBERT SNUGGS (1) | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Derrick Robert Snuggs's ("Snuggs") *pro se* Rule 36 Motion "Clerical Error" Pursuant to Federal Rules of Criminal Procedures (#58), wherein he requests that the court "amend its written judement [sic] by removing all unpronounced special conditions of supervised release not orall [sic] pronounced at sentencing." Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.  Background

On November 18, 2014, Snuggs pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On November 1, 2015, the court sentenced Snuggs to 97 months' imprisonment, followed by a 5-year term of supervised release, and ordered him to pay a $ 100.00 special assessment. Snuggs did not file a direct appeal. On September 12, 2019, Snuggs filed the present motion.

II.  Analysis

Rule 36 of the Federal Rules of Criminal Procedure states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. "A clerical error occurs when the court intends to do one thing, but through

clerical mistake or oversight does another." *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)).

Rule 36 may not be used to make a substantive alteration to a criminal sentence. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008). Thus, Rule 36 is an "appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written judgment." *Illies*, 805 F.3d at 610; *accord United States v. Bernardez-Avila*, No. 14-41317, 2015 WL 5004568, at *1 (5th Cir. Aug. 24, 2015). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020) (en banc); *see United States v. Brock*, 797 F. App'x 179, 180 (5th Cir. 2020) (quoting *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)); *United States v. Ivy*, 735 F. App'x 151 (5th Cir. 2018). "This pronouncement rule applies to some supervised release conditions, but not all of them." *Diggles*, 957 F.3d at 557 (citing *United States v. Torres-Aguilar*, 352 F.3d 934, 936-38 (5th Cir. 2003)). In *Diggles*, the United States Court of Appeals for the Fifth Circuit, sitting en banc, clarified previously inconsistent case law regarding the pronouncement of conditions of supervised release and held that "[i]f a condition is required, making an objection futile, the court need not pronounce it[, but] [i]f a condition is discretionary, the court must pronounce it to allow for an objection." 957 F.3d at 559. A court's oral adoption of recommended conditions set forth in a Presentence Report ("PSR") is sufficient pronouncement of the conditions and provides a defendant constitutionally adequate notice and

opportunity to object. *Id.* at 560 (citing *United States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016)); *see United States v. Rogers*, ___ F.3d ___, No. 19-4366, 2020 WL 2843474, at *6 (4th Cir. June 2, 2020).

Here, when pronouncing Snuggs's sentence, the court stated: "In addition, the defendant shall comply with the mandatory and special conditions set forth in the defendant's presentence report." The court also questioned Snuggs if he had read, discussed with his attorney, and understood the PSR, to which Snuggs answered, "Yes." The court has reviewed the mandatory and special conditions outlined on pages 20 and 21 of Snuggs's PSR and compared them to the conditions outlined in the judgment. The conditions are identical. Thus, Snuggs has not identified a clerical error or asserted that "the court intended to do one thing but by mere[ ] clerical mistake or oversight did another." *Buendia-Rangel*, 553 F.3d at 379.

III. Conclusion

Consistent with the foregoing analysis, Snuggs's Rule 36 Motion "Clerical Error" Pursuant to Federal Rules of Criminal Procedures (#58) is denied.

SIGNED at Beaumont, Texas, this 4th day of June, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE